THE STATE, EX REL. CHARLES J. CARPENTER, v. ASHER ATKINSON, CITY SURVEYOR.

Argued February 26, 1900—Decided June 11, 1900.

Where the sole question to be passed upon in awarding a writ of *mandamus* is one that the relator is not entitled to have decided by the court, his application for the writ will be denied.

Rule to show cause why a *mandamus* should not issue.

Before Justices GARRISON and LIPPINCOTT.

For the relator, *Theodore B. Booraem.*

For the respondent, *Willard P. Voorhees.*

The opinion of the court was delivered by

GARRISON, J. The relator, a taxpayer, seeks to compel the respondent, the city surveyor of the city of New Brunswick, to certify whether a certain railway company has failed to do certain things. The significance of this proceeding is that by certain sections of an ordinance and contract covering the relation of the city to the said railway it is provided that the company shall deposit with the city treasurer $3,000 in cash as a guarantee that it will do certain things in a certain way by a certain time, and that "in case the city surveyor shall certify in writing" that the company has failed to perform as aforesaid, the said sum "shall be forfeited to and retained by said city and shall become its own absolute property."

It is evident, therefore, that the object of the writ that is asked for is the forfeiture to the city of New Brunswick of a sum of money belonging to the New Brunswick City Railway Company. Whether the money is, or should be, forfeited depends upon the construction of ordinances and contracts before this court, and upon circumstances that are not before this court, and, perhaps, upon a discretion that is not vested

in this court.  To decide questions of this sort and to award by *mandamus* the property of one person to another in a proceeding to which neither of them are parties would be the extraordinary use of a discretionary writ, rather than the discreet use of an extraordinary writ.

The relator has not brought, and cannot bring, any action to which this proceeding may be ancillary, hence he does not come within the case of *Ferry* v. *Williams,* 12 *Vroom* 332, and the English authorities there cited.  The right of a citizen who cannot himself bring an action to intervene in this summary way between a municipal government and those with whom it has public business is nowhere asserted in terms broad enough to cover this case, and it is not lightly to be assumed.  It may be, as was suggested in *Bamford* v. *Hollinshead,* 18 *Id.* 439, that the taxpayer's remedy is not to take the transaction of public business out of the hands of the public trustees, but to proceed against them for the misfeasance of their office.  *State* v. *Jacobus, 2 Dutcher* 135, is also in point.

My conclusion is that this *mandamus* must be refused, because the only question to be passed upon in awarding it is one that the relator is not entitled to have decided by this court.